**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **ANTONE  TOWSON**<br>**707 North Port Street**<br>**Baltimore, Maryland 21205**<br><br>**and**<br><br>**AMEER  GITTENS**<br>**5612 Whitby Road**<br>**Baltimore, Maryland 21206**<br><br>**and**<br><br>**JOHN LOUIS WILLIAMS**<br>**712 North Kenwood Avenue**<br>**Baltimore, Maryland 21205**<br><br>**and**<br><br>**ROBERT REED**<br>**410 Eastlynn Avenue**<br>**Baltimore, Maryland 21223**<br><br>   **Plaintiffs**<br><br>**v.**<br><br>**DETECTIVE  DANIEL HERSL**<br>**MCFP Springfield**<br>**1900 West Sunshine Street**<br>**Springfield, Missouri**<br>**Individually and as a police officer for the**<br>**BALTIMORE POLICE DEPARTMENT** | **CASE NO:** |

1

**and**                                                    *
                                                           *
**POLICE OFFICER JOSEPH WICZULIS**                         *
**c/o Baltimore Police Department**                        *
**601 East Fayette Street**                                *
**Baltimore, Maryland 21202**                              *
**Individually and as a police officer for the**           *
**BALTIMORE POLICE DEPARTMENT**                            *
                                                           *
                                                           *
**and**                                                    *
                                                           *
**POLICE OFFICER DONALD  HAYES**                           *
**c/o Baltimore Police Department**                        *
**601 East Fayette Street**                                *
**Baltimore, Maryland 21202**                              *
**Individually and as a police officer for the**           *
**BALTIMORE POLICE DEPARTMENT**                            *
                                                           *
**and**                                                    *
                                                           *
**COMMISSIONER KEVIN DAVIS**                               *
**C/O Baltimore Police Department**                        *
**601 East Fayette Street**                                *
**Baltimore, MD 21202**                                    *
                                                           *
**and**                                                    *
                                                           *
**MAYOR & CITY COUNCIL OF BALTIMORE** *
**100 North Holliday Street**                              *
**Baltimore, Maryland 21202**                              *
                                                           *
               **Defendants**                              *
*****************************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANTONE TOWSON (hereinafter,"Towson"), AMEER GITTENS (hereinafter, "Gittens"), JOHN LOUIS WILLIAMS (hereinafter, "Williams") and ROBERT REED (hereinafter, "Reed"), by and through their attorney, Robert L. Smith,

Jr., Esq., sue Police Officer DANIEL HERSL, (hereinafter, "Hersl"), Police Officer JOSEPH WICZULIS (hereinafter, "Wiczulis"), Police Officer DONALD HAYES (hereinafter, "Hayes"), and for cause, state as follows:

## JURISDICTION AND VENUE

1.      This case presents an actual case and controversy arising under the Fourth and Fourteenth Amendments to the United States Constitution and asserts claims for relief under 42 U.S.C. §1983, §1985, and §1988.

2.      This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §§1331 (federal question), 1343(a)(3) and (4) (civil rights).

3.      The United States District Court for the District of Maryland is the proper venue for this action because the cause of action arose in Baltimore City, Maryland.

## PARTIES

4.      The Plaintiff, ANTONE TOWSON, is an adult African American citizen of  the United States and resides at 707 North Port Street in Baltimore, MD.

5.      Plaintiff, AMEER GITTENS is An adult citizen African American citizen of the United States and resides at 5612 Whitby Road in Baltimore, MD.

6.      Plaintiff, JOHN LOUIS WILLIAMS, is an adult African American citizen of the United States resides at 712 Kenwood Avenue, Baltimore, MD.

7.      Plaintiff, ROBERT REED, is an adult African American citizen of the United States resides at 410 Eastlynn Avenue in Baltimore, MD.

8.      At all times relevant herein, Defendant, Police Officer DANIEL HERSL was employed as a Police Officer by the Baltimore Police Department and was an agent

of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant hERSL acted within the scope of his employment and under color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

9.      At all times relevant herein, Defendant, Police Officer JOSEPH WICZULIS, was employed as a Police Officer by the Baltimore Police Department and was an agent of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant Wiczulis acted within the scope of his employment and under color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

10.      At all times relevant herein, Defendant, Police Officer  DONALD HAYES, was employed as a Police Officer by the Baltimore Police Department and was an agent of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant Hayes acted within the scope of his employment and under color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

11.      Defendant Commissioner Kevin Davis (hereinafter, "Defendant Commissioner Davis"), was at all times relevant to this complaint the Police Commissioner of the Baltimore Police Department ("BPD"), an employee of the City of Baltimore and the principal administrator of the BPD. At all times relevant to this Complaint, Defendant Commissioner Davis was responsible for the institution and application of the BPD's employment policies, including its internal investigatory and disciplinary processes. At all relevant times, Defendant Commissioner Davis was responsible for establishing and enforcing the policies and practices of the BPD and its employees. Defendant Commissioner Davis was also responsible for the hiring, training,

and supervision and control over those same employees. He was also responsible for ensuring that the actions of the BPD and its employees did not deprive any individual of the rights secured by the Constitution and laws of the United States as well as the constitution and laws of the State of Maryland and the City of Baltimore. At all relevant times, Defendant Commissioner Davis was the final authority in all disciplinary matters and was responsible for the actions of employees of the BPD.

12.    Defendant, Mayor and City Council of Baltimore (hereinafter, "City of Baltimore"), is a municipality duly organized and existing under the laws of Maryland and is categorized as a local government in the State of Maryland. Defendant City of Baltimore is empowered to carry out certain governmental functions within its geographic limits and may sue and be sued in its own name for illegal acts committed by its agents and employees. Furthermore, Defendant City of Baltimore appoints its Police Commissioner and retains the power to remove the Police Commissioner for acts of misconduct, malfeasance, inefficiency, or incompetence.  In addition, Defendant City of Baltimore pays the salary of the Police Commissioner and all other employees of the BPD. At all times relevant to this action, Defendant City of Baltimore, through its agents and/or employees, condoned, ratified, authorized and/or engaged in the illegal practices and wrongful acts described in this Complaint.

13.    At all times relevant to this Complaint, Defendants Commissioner Davis and the City encouraged, tolerated, ratified and were deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision internal investigation of discipline in the following areas:

a)      the use of unreasonable force, excessive force and unlawful arrests and detention by officers of the BPD;

b)      the improper exercise of police powers, including but not limited to the fabrication of evidence, unreasonable use of force, excessive use of force, unlawful arrest and detention, and violations of citizens' Constitutional rights and racially motivated acts by officers of the BPD;

c)      the monitoring of officers who Defendants Commissioner Davis and the City knew, or should have known, were engaged in the improper exercise of police powers;

d)      the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior internal complaints of misconduct;

e)      the failure to identify, monitor or take remedial action against police officers who used their status as law enforcement officers to employ the use of excessive force, unlawful arrest, unlawful search and seizure, fabrication of evidence, or to achieve results that are not reasonably related to their police duties.

14.      Prior to July 15, 2015 and thereafter, Defendants Commissioner Davis and the City had actual or constructive knowledge that Defendants Hersl, Wiczulis and Hayes were engaged in conduct that posed pervasive and unreasonable risk of constitutional injury to residents and citizens within the jurisdiction of the City of Baltimore but failed to take appropriate and adequate remedial action against Defendants Hersl, Wiczulis and Hayes to prevent the injuries suffered by the Plaintiffs. Rather, Defendants Commissioner Davis and the City implemented a policy and custom of condonation or deliberate

indifference to the use of improper exercise of police powers by these officers. Further, Defendants Commissioner Davis had a custom or policy of failing to adequately train its officers and failed to properly supervise and discipline Defendants Hersl, Wiczulis and Hayes. In fact, as early as June 6, 2006, the Circuit Court for Baltimore City, in the matter of *State of Maryland v. Freddie Harper*, Case No. 105336054, **"[d]isclosed to defense counsel that 29 prior administrative complaints regarding [Defendant Hersl] have been filed, one which included a fact sustained finding of misconduct on IID number 2003-216 – stating that on 7/19/04 Complainant stated that [Defendant Hersl] while off duty in Looney's Pub, became belligerent and called the complainant rude names. The complainant stated that she threw a carrot at [Defendant Hersl] and that [Defendant Hersl] in turn poured a glass of beer over her head. Once outside, [Defendant Hersl] threw a bottle at in the complainants direction and struck her in the face."** (Emphasis added).

15.     Defendants Commissioner Davis' and the City's directives and failures to take remedial actions against the pervasive and unreasonable conduct of Defendants Hersl, Wiczulis and Hayes were a proximate cause of Plaintiffs' injuries.

16.     At all times relevant to this Complaint, the actions and practices of the Defendants named herein and those acting under their direction were performed under the color of state law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution.

## FACTS

17.     The above and all other allegations herein are incorporated as if fully set

forth.

18.     During the early summer of 2015 Defendants Hersl and others drove their unmarked police car through the 2100 block of Aiken Street where the Plaintiffs named herein were attending a cookout.

19.     Without cause or justification, Defendant Hersl shouted in a loud voice in the direction of Plaintiffs that he was going to arrest Plaintiffs before summer's end.

20.     On July 15, 2015, Defendants Hersl, Wiczilus and Hayes returned to the 2100 Aiken Street and arrested all four Plaintiffs falsely alleging that the Plaintiffs were all involved in CDS and Firearms related crimes.

21.     As a result of the false and fabricated allegations of Defendants Hersl, Wiczilus and Hayes, Plaintiff Towson received a total of 16 CDS and Firearm related charges under Baltimore City Circuit Court Case No. 115223033. Consequently, he was held without bond and incarcerated.

22.     As a result of the false and fabricated allegations of Defendants Hersl, Wiczilus and Hayes, Plaintiff Gittens received a total of 19 CDS and Firearm related charges under Baltimore City Circuit Court Case No. 115223031.  Consequently, he was held without bond and incarcerated.

23.     As a result of the false and fabricated allegations of Defendants Hersl, Wiczilus and Hayes, Plaintiff Williams received a total of 28 CDS and Firearm related charges under Baltimore City Circuit Court Case No. 115223032.  Consequently, he was held without bond and incarcerated.

24.     As a result of the false and fabricated allegations of Defendants Hersl,

Wiczilus and Hayes, Plaintiff Reed received a total of 22 CDS and Firearm related charges under Baltimore City Circuit Court Case No. 115223030.  Consequently, he was held without bond and incarcerated.

25.     All four Plaintiffs remained incarcerated without bond until the matter came before the Circuit Court for Baltimore City on August 17, 2017. On that date, the Office of the State's Attorney declined to prosecute all four Plaintiffs and entered a *nolle prosequi* on all charges in their cases.

26.     In all, each of the four Plaintiffs remained incarcerated without bond for more than 13 months as a direct result of the false and fabricated allegations of Defendants Hersl, Wiczulis and Hayes.

27.     On or about August 10, 2016, the United States Department of Justice ("DOJ") announced a 163 page report of its investigation of the BPD.

28.     The DOJ concluded that, "there is reasonable cause to believe that the BPD engages in a pattern or practice of conduct that violates the Constitution or federal law."

29.     The DOJ report further concluded that the, "BPD' systemic constitutional and statutory violations are rooted in structural failures. BPD fails to use adequate policies, training, supervision, data collection, analysis, and accountability systems, has not engaged adequately with the community its policies, and does not provide its officers with the tools needed to police effectively."

30.     In or around March 2017, the United States Attorney's Office located in Baltimore, Maryland announced its indictment of seven Baltimore police officers,

including Defendant Hersl. On or about February 12, 2018 Defendant Hersl was found guilty and subsequently sentenced to 18 years in prison.

31.     At all times relevant hereto, the actions of individual Defendants Hersl, Wiczulis and Hayes in: (a) knowingly falsifying and fabricating a statement of probable cause; (b) unjustifiably arresting Plaintiffs without cause, and (c) , unjustifiably and causing Plaintiffs to be held without bond and incarcerated for more than 13 months were all unlawfully performed by Defendants Hersl, Wiczulis and Hayes  without justification, without probable cause, and were motivated by their wanton, malicious and reckless desire to inflict great emotional and physical distress and pain and suffering upon Plaintiffs.

## COUNT I

**(Falsifying Probable Cause Statement in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Hersl)**

32.     The above and all other allegations herein are incorporated as if fully set forth.

33.     At all times relevant to this Complaint, Defendant Hersl was acting under color of state law as a police officer employed by the BPD.

34.     Volume 42, Section 1983 of the United States Code prohibits a law enforcement officer from taking unwarranted actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and / or the laws and statutes of the

United States.

35. The acts of Defendant Hersl described herein, namely, knowingly falsifying and fabricating a statement of probable cause; (b) unjustifiably arresting; (c) , unjustifiably and causing Plaintiffs to be held without bond and incarcerated for more than 13 months Plaintiffs without cause, were done without cause or justification and violated rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

36. As a result of Defendant Hersl's actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl.

## COUNT II
**(Unlawful Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Hersl)**

37.     The above and all other allegations herein are incorporated as if fully set forth.

38.     The acts of Defendant Hersl described herein, namely,  unjustifiably arresting Plaintiffs without probable cause, were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

39.     As a result of Defendant Hersl's actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from

Defendant Police Officer Hersl.


## COUNT III
**(False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Hersl)**
.

40.     The above and all other allegations herein are incorporated as if fully set forth.

41.     The acts of Defendant Hersl described herein, namely,  unjustifiably and causing Plaintiffs to be held without bond and incarcerated for more than 13 months were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

42.     As a result of Defendant Hersl's actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from

Defendant Police Officer Hersl, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl.


## COUNT IV
### (Falsifying Probable Cause Statement in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Wiczulis)

43.     The above and all other allegations herein are incorporated as if fully set forth.

44.     At all times relevant to this Complaint, Defendant Wiczulis was acting under color of state law as a police officer employed by the BPD.

45.     Volume 42, Section 1983 of the United States Code prohibits a law enforcement officer from taking unwarranted actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and / or the laws and statutes of the United States.

46.     The acts of Defendant Wiczulis described herein, namely, knowingly falsifying and fabricating a statement of probable cause were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

47.     As a result of Defendant Wiczulis' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment,

humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulisl, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis.

<u>COUNT V</u>
**(Unlawful Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Wiczulis)**

48.     The above and all other allegations herein are incorporated as if fully set forth.

49.     The acts of Defendant Wiczulis described herein, namely,  unjustifiably arresting Plaintiffs without probable cause, were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

50.     As a result of Defendant Wiczulis' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hersl.

### COUNT VI
### (False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Wiczulis)
.

51.     The above and all other allegations herein are incorporated as if fully set forth.

52.     The acts of Defendant Hersl described herein, namely,  unjustifiably and causing Plaintiffs to be held without bond and incarcerated for more than 13 months were done without cause or justification and violated rights guaranteed to Plaintiffs  under the

Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

53.     As a result of Defendant Wiczulis' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Wiczulis.

### COUNT VII
**(Falsifying Probable Cause Statement in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Hayes)**

54.     The above and all other allegations herein are incorporated as if fully set forth.

55.     At all times relevant to this Complaint, Defendant Hayes was acting under

color of state law as a police officer employed by the BPD.

56.     Volume 42, Section 1983 of the United States Code prohibits a law enforcement officer from taking unwarranted actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and / or the laws and statutes of the United States.

57.     The acts of Defendant Hayes described herein, namely, knowingly falsifying and fabricating a statement of probable cause were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

58.     As a result of Defendant Hayes' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

18

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes.

## COUNT VIII
**(Unlawful Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Hayes)**

59.     The above and all other allegations herein are incorporated as if fully set forth.

60.     The acts of Defendant Hayes described herein, namely,  unjustifiably arresting Plaintiffs without probable cause, were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

61.     As a result of Defendant Hayes' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00)

compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes.

## COUNT IX
### (False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §§1983, 1985 and 1988 – Officer Hayes)
.

62.     The above and all other allegations herein are incorporated as if fully set forth.

63.     The acts of Defendant Hayes described herein, namely,  unjustifiably and causing Plaintiffs to be held without bond and incarcerated for more than 13 months were done without cause or justification and violated rights guaranteed to Plaintiffs  under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

64.     As a result of Defendant Hayes' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from

Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Hayes.

<u>**COUNT X**</u>
**(Civil Conspiracy Pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 – Defendants Hersl, Wiczulis and Hayes)**

65.     The above and all other allegations herein are incorporated as if fully set forth.

66.     At all times pertinent to this Complaint, Defendants Hersl, Wiczulis and Hayes entered into a civil conspiracy with each other to make material misrepresentations to tribunals, specifically the District and Circuit Courts for Baltimore City by fabricating and falsifying probable cause and by participating in the violation of Plaintiffs' civil rights.

67.     As a result of this civil conspiracy, Plaintiffs were subjected to unlawful arrest, false imprisonment for more than thirteen months.

68.     As a result of Defendant Hersl's, Wiczulis' and Hayes' actions, Plaintiffs have suffered, and continue to suffer, severe mental anguish, emotional distress, embarrassment, humiliation, loss of self esteem, legal fees and other related damages.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00)

compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendants Hersl, Wiczulis and  Hayes, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendants Hersl, Wiczulis and Hayes, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendants Hersl, Wiczulis and Hayes, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendants Hersl, Wiczulis and Hayes.

## COUNT  XI
### (Failure to Supervise Pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 – Defendants Commissioner Davis and Mayor and City Council of Baltimore)

69.     The above and all other allegations herein are incorporated as if fully set forth.

70.     Under the Fourth and Fourteenth Amendments to the United States Constitution, Defendants Commissioner Davis and Mayor and City Council of Baltimore are prohibited from allowing its police officers to engage in a pattern, practice policy or custom of violating citizens' constitutional rights and are obligated to train and supervise law enforcement officers in the proper use of police powers and arrest procedures.

71.     At all relevant times, Defendants Commissioner Davis and Mayor and City Council, directly and through their employees, agents and BPD commanders, had an

obligation to ensure that their law enforcement officers exercised the same degree of care that a reasonable and prudent person in the same or similar situation would exercise with respect to the supervision of all employees, agents and law enforcement officers under their control.

72.     The supervision provided and / or required by Defendants Commissioner Davis and Mayor & City Council regarding proper supervision and discipline , especially Defendant Hersl, was inadequate, insufficient, or nonexistent.

74.     Defendants Commissioner Davis and Mayor & City Council, directly and through their employees, failed to exercise proper the requisite degree of care in the supervision and discipline of their law enforcement officers, especially Defendant Hersl.

75.     As alleged herein, Defendants Hersl and other members of the BPD, and thereby, Defendant Commissioner Davis and Mayor & City Council, have engaged in a pattern, practice, policy or custom of allowing their law enforcement officers to engage in unlawful arrests and the  improper use of police powers.

76.     It was readily foreseeable and highly predictable that failing to properly supervise and discipline in the proper use of police powers would, and if fact did, result in the violation of Plaintiffs' constitutional rights. Defendants Commissioner Davis and Mayor & City Council were indifferent to such foreseeability and predictability.

77.     As alleged herein, the actions by all Defendants were unreasonable, improper and absent any lawful justification or cause or excuse, and  were a direct result of Defendants Commissioner Davis and Mayor & City Council's failure to train, supervise and discipline its officers.

78.     Defendants Commissioner Davis' and Mayor & City Council's failure to properly train, supervise and discipline its officers and employees is tantamount to deliberate indifference and was done with actual or constructive knowledge.

WHEREFORE, Plaintiff Towson claims One Million Dollars ($1,000,000.00) compensatory damages from Defendants Commissioner Davis and Mayor & City Council, and

WHEREFORE, Plaintiff Gittens claims One Million Dollars ($1,000,000.00) compensatory damages from Defendants Commissioner Davis and Mayor & City Council, and

WHEREFORE, Plaintiff Williams claims One Million Dollars ($1,000,000.00) compensatory damages from Defendants Commissioner Davis and Mayor & City Council, and

WHEREFORE, Plaintiff Reed claims One Million Dollars ($1,000,000.00) compensatory damages from Defendants Commissioner Davis and Mayor & City Council.

Respectfully submitted,


_/s/_____
Robert Smith, Jr., Esquire
Fed. Bar No. 024468
2317 North Charles Street
Baltimore, MD 21218
(410) 554-9022
Email: rlsmithatty@gmail.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of this case.


_/s/_____
Robert Smith, Jr., Esquire